

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00058-CR

HAROLD CAPESTANY-CORTES                          APPELLANT
A/K/A HAROLD CORTES
CAPESTANY A/K/A HAROLD
CAPESTANY

V.

THE STATE OF TEXAS                                    STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury convicted Appellant Harold Capestany-Cortes a/k/a Harold Cortes Capestany a/k/a Harold Capestany of possession of a controlled substance, methamphetamine, in an amount over four grams but less than two hundred

---

[1]*See* Tex. R. App. P. 47.4.

grams with intent to deliver and of possession of a controlled substance, methamphetamine, in an amount less than one gram. After finding the enhancement and habitual paragraphs in the indictment to be true, the jury assessed his punishment at ninety-nine years' imprisonment on both counts. The trial court sentenced him accordingly, ordering that the sentences run concurrently. In one issue, Capestany-Cortes argues that the trial court violated his confrontation rights by refusing to redact statements made by the confidential informant on a videotape admitted in evidence. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Investigator Ray Miller with the Hood County Sherriff's Office arranged for a confidential informant to make a controlled purchase of methamphetamine from Capestany-Cortes. Investigator Miller, along with two other investigators, met with the informant at a predetermined location, searched the informant and his vehicle, gave him money to make the controlled purchase, and equipped him with an audio and video recording device that looks like an ink pen. Investigator Miller rode in the informant's vehicle to Capestany-Cortes's house. Investigator Miller stayed in the vehicle while the informant went inside the house; the informant told Capestany-Cortes that Investigator Miller was his uncle. The informant purchased less than one gram of methamphetamine, and he and Investigator Miller returned to the predetermined location to meet with the other investigators.

The investigators obtained a search warrant for Capestany-Cortes's residence. Capestany-Cortes was not at home, but during the search, he arrived in a vehicle with two other people. Officers found approximately eight grams of methamphetamine in the backseat of the vehicle next to where Capestany-Cortes had been sitting.

Over defense counsel's hearsay and confrontation objections, the video and audio recording of the controlled purchase was played for the jury at trial. On the recording, the confidential informant commented on the quality of the methamphetamine he had last received from Capestany-Cortes's common-law wife Julie. Capestany-Cortes responded that he was "fixing to get some more."

## III. VIDEOTAPE

In his sole issue, Capestany-Cortes argues that his confrontation rights were violated by the admission of the statements made by the confidential informant on the video and audio recording. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110 (1974). The Sixth Amendment right of confrontation is a fundamental right and is applicable to the states by virtue of the Fourteenth Amendment. *Pointer v. State*,

380 U.S. 400, 403, 85 S. Ct. 1065, 1067–68 (1965); *Shelby v. State*, 819 S.W.2d 544, 546 (Tex. Crim. App. 1991).

A trial court violates an accused's Sixth Amendment rights by admitting a hearsay statement made by a nontestifying declarant if the statement was testimonial and the accused lacked a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004). The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Del Carmen Hernandez v. State*, 273 S.W.3d 685, 687 (Tex. Crim. App. 2008) (citing *Crawford*, 541 U.S. at 59 n.9); *see Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

We review an error in admitting evidence in violation of the Confrontation Clause under rule of appellate procedure 44.2(a), and we must reverse unless we can conclude beyond a reasonable doubt that the error did not contribute to the appellant's conviction or punishment. *See* Tex. R. App. P. 44.2(a); *Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In reviewing whether the error in admitting out-of-court statements in violation of *Crawford* is harmless beyond a reasonable doubt, we consider (1) the importance of the evidence to the State's case; (2) whether the evidence was cumulative of other evidence; (3) the presence or absence of evidence corroborating or contradicting the statement on material points; and (4) the overall strength of the prosecution's case. *Langham*, 305 S.W.3d at 582; *Davis v. State*, 203 S.W.3d 845, 852 (Tex.

4

Crim. App. 2006), *cert. denied*, 549 U.S. 1344 (2007) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)). Courts may consider other factors as well, but the relevant inquiry is whether there is a reasonable possibility that the *Crawford* error, "within the context of the entire trial, 'moved the jury from a state of non-persuasion to one of persuasion' on a particular issue." *Davis*, 203 S.W.3d at 852–53 (quoting *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001)).

Here, Capestany-Cortes complains of the following statement made by the confidential informant on the recording: "I like that shit that you got that Julie gave me the other day. . . . Last night. That's some good shit." Capestany-Cortes responded that he was "fixing to get some more of it too."[2]

Even assuming, without deciding, that the admission of this statement violated Capestany-Cortes's confrontation rights, any error did not contribute to his convictions or punishments. *See* Tex. R. App. P. 44.2(a). A statement about the quality of drugs that the informant got from Capestany-Cortes's common-law wife had little to no importance to the State's case; the jury saw a video of the

---

[2]Capestany-Cortes complained generally at trial that all of the informant's statements on the recording should have been redacted. On appeal, Capestany-Cortes argues that "damning statements made by the informant" should have been redacted but specifically points out only one statement—the informant's "discuss[ing] the quality of the drugs he received from [Capestany-Cortes's] common-law wife [Julie]." Thus, because he refers to only this one statement and because a review of the recording reveals no other "damning statements" but instead only greetings and casual conversation between the informant and Capestany-Cortes, we will address only this statement.

controlled purchase of approximately one gram of methamphetamine by the confidential informant and was presented with evidence of the methamphetamine and paraphernalia related to selling drugs that police seized later that night pursuant to a search warrant. The statement—that the informant liked the drugs "that [Capestany-Cortes] got that Julie gave [the informant]"—was not necessarily cumulative of other evidence in the case, but the fact that Capestany-Cortes dealt methamphetamine and had sold to the confidential informant in the past was admitted in evidence through Investigator Miller's testimony at trial; thus, the statement was corroborated on its material point—that Capestany-Cortes had previously sold methamphetamine to the informant. Finally, the State had a strong case against Capestany-Cortes, based on evidence of the controlled purchase, including the recording of it, and evidence of the later-seized methamphetamine pursuant to a search warrant.

We conclude that, within the context of the entire trial, there was no reasonable possibility that the confidential informant's statement at issue here "'moved the jury from a state of non-persuasion to one of persuasion' on a particular issue." *See Davis*, 203 S.W.3d at 852–533 (quoting *Wesbrook*, 29 S.W.3d at 119); *see also* Tex. R. App. P. 44.2(a). We overrule Capestany-Cortes's sole issue.

6

## IV. Conclusion

Having overruled Capestany-Cortes's sole issue, we affirm the trial court's judgments.

SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2011